UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| **LIBRADA JIMENEZ** | § § § | |
| **VERSUS** | § § § § | Case No.: 2:17-cv-00020 |
| **UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBER AGL001334-00 and JOHN BELICH** | § § § § | |

## DEFENDANT UNDERWRITERS AT LLOYD'S, LONDON'S
## NOTICE OF REMOVAL

Defendant, Underwriters at Lloyd's, London, subscribing severally to Policy No. AGL001334-00 ("Underwriters" and "Defendant"), gives notice of removal of this civil action from the 365th Judicial District, Zavala County, Texas, to this Court:

1. Underwriters were served with process on March 13, 2017. Therefore, this Notice for Removal is timely filed under 28 U.S.C. §1446(b) within 30 days after the receipt by Underwriters of the first notice of the Plaintiff's Original Petition ("Petition").

2. This action is a civil action involving a claim by Plaintiff for insurance proceeds and related damages allegedly sustained in connection with a storm occurring on or about March 8, 2016, in Crystal City, Zavala County, Texas.

3. Librada Jimenez, the Plaintiff, is a citizen of Texas.

4. Plaintiff's insurer, Defendant Underwriters, are all foreign citizens. Defendant John Belich ("Belich" and "Adjusting Defendant") is a citizen of Texas.

5. Defendant Underwriters removes this case to federal court because the Adjusting Defendant is improperly joined.

6.     The matter in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000, giving rise to original federal court jurisdiction pursuant to 28 U.S.C. §1332.

7.     Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

8.     For purpose of an improper joinder analysis, the Fifth Circuit recently directed federal district courts to evaluate the adequacy of claims against the non-diverse defendant by reference to federal pleading standards. *Int'l Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

9.     The doctrine of improper joinder is well recognized in the Fifth Circuit, and the diverse party can remove the case to federal court when there is no possibility of recovery by the Plaintiff against the non-diverse, improperly joined defendant. *e.g, Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). This "depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

10.    A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare" allegations (those that offer nothing "upon which to draw a reasonable inference" that a plaintiff is entitled to relief from the non-diverse defendant) are "woefully inadequate" for the court to predict that recovery might be possible against a non-diverse defendant on the claims asserted. *Bart Turner & Associates v. Krenke*, 3:13-CV-2921-L, 2014 WL 1315896 (N.D. Tex. Mar. 31, 2014).

11.    A global allegation that lumps both the diverse and non-diverse defendants together "in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." *See Lopez v. Allstate*

*Vehicle and Prop. Ins. Co.*, No. 4:17-CV-00103; 2017 WL 1233831, *3 (E.D. Tex. April 4, 2017) (slip copy) (citing *Griggs*, 181 F.3d at 699) (denying remand and dismissing claims against improperly joined, non-diverse adjuster defendant). Also, a laundry list assertion of statutory violations, without providing factual support specifying how the non-diverse defendant allegedly violated the statute, does not suffice. *Id.* at *3 (citing *Doucet v. State Farm Fire and Cas. Co.*, No. 1:09-CV-142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009)).

12.     Here, the Petition fails to state a claim against the Adjuster Defendant for his work as the adjuster on the claims made the basis of the suit, and he was improperly joined solely for the purpose of defeating diversity jurisdiction. The Petition's allegations lack specificity and thus lack the requisite "factual fit" against any of the causes of action pled against the Adjuster Defendant. The allegations pled against the Adjuster Defendant amount to nothing and merely state that the Adjuster Defendant was assigned to investigate, report on and adjust the loss and that he was provided opportunity to inspect the properties. Thereafter, the Petition blankly states that both Underwriters and the Adjuster Defendant "failed and refused to pay Plaintiff in accordance with its promises under the Policy", alleges an underpayment, and references or inserts language directly from the Texas Insurance Code. The Petition also alleges that the Adjuster Defendant conducted an "inadequate" and "result-oriented" investigation, upon which Underwriters made its coverage and payment decision. *See* Petition, at VII.

13.     The Petition's bare bones allegations, lacking specific factual allegations against the Adjuster Defendant and asserting a laundry list of statutory violations without factual support as to how the Adjuster Defendant allegedly violated the statute and harmed Plaintiff are inadequate to withstand an improper joinder analysis under the federal pleadings standard. *See Lopez, 2017 WL 1233831, at *3* (stating that general allegations that an adjuster's investigation caused harm,

3

because an insurer relied thereon and undervalued claims, is not sufficient to state a claim against the adjuster when lacking factual allegations showing "independent conduct" by the adjuster causing harm to the plaintiff); *see Int'l Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) (clarifying that the federal pleading standard applies to analyzing improper joinder).

14. Further, Plaintiff's alleged damages relate to her contract claim which is against Underwriters, only, under the policy of insurance. Plaintiff conflates her breach of contract claim against Underwriters with Insurance Code and claims against the Adjuster Defendant. Underwriters specifically deny Plaintiff's allegation that they failed and refused to pay Plaintiff in accordance with the "promises under the Policy." Underwriters paid $6,918.72 under the Policy on Plaintiff's claim. The Adjuster Defendant was not a party to the Policy, was not Plaintiff's insurer, and he had no obligation to pay Plaintiff on the claim.

15. Plaintiff's boilerplate allegations against the Adjuster Defendant are found at Section VII. of the Petition which alleges the Adjuster Defendant violated the Texas Insurance Code, specifically section 541.060, in the following two ways: "(1) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims [sic] with respect to which their liability has become reasonably clear"; and "(2) Refusing to pay Plaintiff's claims without conducting a reasonable investigation." These general allegations come directly from the Insurance Code, sections 541.060(a)(2)(A) and 541.060(a)(7). These are also the same two Chapter 541 sections that Plaintiff alleges Underwriters violated. The global, boilerplate allegations are insufficient to show the Adjuster Defendant caused any harmful conduct to Plaintiff prohibited by the Code. *See Lopez*, 2017 WL 1233831, at *3.

16. Further, Texas courts have held that the provisions cited by Plaintiff do not apply to adjusters under the circumstances such as those alleged in this case. *See Slabaugh v. Allstate Ins. Co.*, 4:15-CV-115, 2015 WL 4046250 (E. D. Tex. June 30, 2015); *see also, Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 731 (N. D. Tex. 2014). Thus, aside from the Petition's global, boilerplate allegations lacking in actual facts pled against the Adjuster Defendant, no reasonable possibility exists that the law might impose liability on the Adjuster Defendant.

    **a. 541.060(a)(2)(A)**

Section 541.060(a)(2)(A) prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement" of claims where the insurer's liability is reasonably clear. TEX. INS. CODE §541.060(a)(2)(A). This section requires insurance companies to pay a claim when the evidence is "reasonably clear" that it must. According to recent case law, adjusters cannot be held liable under this section because adjusters do not have settlement authority on behalf of the insurer; rather the adjuster's sole role is to assess the damage. *Messersmith*, 10 F.Supp.3d at 724. Consequently, Plaintiff fails to state a claim under this subsection against the Adjuster Defendant.

    **b. 541.060(a)(7)**

Plaintiff also alleges the Adjuster Defendant violated section 541.060(a)(7) which prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE §541.060(a)(7). The conduct targeted by this provision is an insurer's refusal to pay under certain circumstances. *Messersmith,* 10 F.Supp.3d at 725. Those who face liability under this section include the insurance company and/or the individual(s) at the insurance company who refused to pay the claim, not the individual responsible for conducting the investigation. Thus, the Adjuster Defendant cannot face liability under this subsection.

17.     The United States District Court has original jurisdiction under 28 U.S.C. §1332. This action is removable under 28 U.S.C. §1441(a) and (b).

18.     Defendant Underwriters will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

19.     Plaintiff requested a jury trial in the state court suit.

20.     It appears no Local Rule of the Western District of Texas requires the filing of any documents along with this removal pleading. Nonetheless, Defendant attaches the following for the Court's convenience along with an Index of Documents:

    a)   a copy of Plaintiffs' Original Petition;

    b)   a copy of the answer filed in state court on behalf of Defendant, Underwriters at Lloyd's, London;

    c)   a copy of the answer filed in state court on behalf of Defendant John Belich;

    d)   a copy of the Docket Sheet as printed from the Zavala County District Clerk's website;

    e)   Civil Cover Sheet;

    f)   A List of all Counsel of Record;

    g)   Disclosure Statement under Fed. R. Civ. P. 7.1;

Defendant Underwriters at Lloyd's, London, subscribing severally to Policy No. AGL001334-00, requests that the above-described action now pending in the 365th Judicial District Court, Zavala County, Texas be removed to this Honorable Court.

Respectfully submitted:

By: */s/ Frank A. Piccolo*
FRANK A. PICCOLO
Federal No.: 30197
Texas Bar No.: 24031227
**PREIS PLC**
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129
Email: fpiccolo@preisplc.com

**ATTORNEY-IN-CHARGE**

OF COUNSEL:

KENNETH H. TRIBUCH
Federal No.: 579059
State Bar No. 24042539
CAROLINE T. WEBB
Federal No.: 613260
State Bar No. 24051497
**PREIS PLC**
24 Greenway Plaza, Suite 2050
Houston, Texas 77046
Telephone: (713) 355-6062
Facsimile: (713) 572-9129
Email: ktribuch@preisplc.com
cwebb@preisplc.com

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record in this proceeding in accordance with the Federal Rules of Civil Procedure on this the 12th day of April, 2017.

*/s/ Frank A. Piccolo*
Frank A. Piccolo