Filed 1/17/2017 4:05:06 PM
Rachel P. Ramirez
District Clerk
Zavala County, Texas

Noelia Martinez

17-01-13865-ZCV

CAUSE NO. _____

| | | |
|---|---|---|
| LIBRADA JIMENEZ | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | Zavala County - 365th District Court |
| VS. | § | _____JUDICIAL DISTRICT |
| | § | |
| CERTAIN UNDERWRITERS AT LLOYD'S, | § | |
| LONDON, ENGLAND (Authority Reference #: | § | |
| B113514CPBA1353) and JOHN BELICH | § | |
| | § | |
| Defendants. | § | ZAVALA COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, LIBRADA JIMENEZ, files this Original Petition against Defendant, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ENGLAND (Authority Reference #: B113514CPBA1353) ("Certain Underwriters") and JOHN BELICH ("Adjuster" or "BELICH"), and for causes of action would respectfully show the Court the following:

### I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

### II. VENUE

Venue is appropriate in Zavala County, Texas because all or part of the conduct giving rise to the causes of action were committed in Zavala County, Texas and Plaintiff and property which is the subject of this suit are located in Zavala County, Texas.

### III. PARTIES

Plaintiff resides in Zavala County, Texas.

Defendant Certain Underwriters is in the business of insurance in the State of Texas. The insurance business done by Certain Underwriters in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, <u>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ENGLAND</u> <u>(Authority Reference #: B113514CPBA1353)</u>, is an eligible surplus lines insurer whose home office/principal business office is located at 25 W 53rd St., Fl 14, New York, NY 10019-5401, and who will notice of suit to Edward T. Smith, Esq at Mendes & Mount, LLP, 750 Seventh Avenue, New York, NY 10019-6829, **and may be cited with process by Certified Mail Return Receipt Requested to the Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 70701.**

Defendant, <u>JOHN BELICH</u>, is an Adjuster **and he may be cited with process by Certified Mail, Return Receipt Requested at 10803 Mount Ida, San Antonio, Texas 78213.** The Adjuster engages in the business of insurance in Texas.

### IV. NATURE OF THE CASE; RELIEF SOUGHT

This is a first-party insurance case stemming from extensive damage to Plaintiff's property from a wind/hail event on or about March 2016. Plaintiff seeks damages for breach of contract and violations of the Texas Insurance Code. Plaintiff also seeks her attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas

Rules of Civil Procedure, Plaintiff seeks monetary relief less than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## V. BACKGROUND FACTS

Plaintiff owns the insured property located at 718 E Webb, Crystal City, Texas 78839 and 314 Cypress Ave., Crystal City, Texas 78839 (the "Properties"). The properties are covered by a policy of insurance, numbered AGL001334-00, issued by Defendant Certain Underwriters, to Plaintiff ("the Policy"). The Policy covered Plaintiff's properties against loss by wind, water damage, among other perils.

As a consequence of the wind and hail, Plaintiff's properties sustained extensive damage on or about March 2016.

Plaintiff gave timely notice to the carrier.

The carrier assigned the claim to BELICH, among others, to investigate, report on and adjust the loss.

Plaintiff provided information to the Adjuster and opportunities for the Adjuster to inspect the Properties.

The Insurance Defendant and the Adjuster have failed and refused to pay Plaintiff in accordance with its promises under the Policy. The Insurance Defendant violated the Prompt Payment of Claims Act, Texas Ins. Code § 542.055 *et. seq.* Considering the underpayment in this case, the amount in controversy is less than $100,000.00 excluding interest and costs.

## VI. CLAIMS AGAINST CERTAIN UNDERWRITERS AT LLOYD'S LONDON, ENGLAND (AUTHORITY REFERENCE #: B113514CPBA1353

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provide coverage for the cost to repair the damaged properties and personal property, less only a deductible, among

other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Defendant and its agents constitute a breach and/or anticipatory breach of Defendant's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Defendant pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seek all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Defendant was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Defendant and its agents constitute one or more violations of the Texas Insurance Code. More specifically, Defendant has, among other violations, violated the following provisions of the Code:

1. Insurance Code chapter 542, the Prompt Payment Act.

2. Insurance Code chapter 541, section 541.060 by, among other things:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear;

- refusing to pay Plaintiff's claims without conducting a reasonable investigation.

Where statements were made by Defendant, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions

4

were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Defendant has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

### VII. CLAIMS AGAINST ADJUSTER

The Insurance Defendant hired Adjuster to investigate the loss on its behalf.  The Adjuster inspected Plaintiff's property and reported their finding to the Insurance Defendant.   Upon information and belief, the Insurance Defendant made its coverage and payment decision based on the investigation and recommendations of the Adjuster.  The investigation was inadequate and conducted in a result-oriented manner.

The Adjuster violated the Texas Insurance Code § 541.060 in the following manner:

1. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claims with respect to which their liability has become reasonably clear; and

2. Refusing to pay Plaintiff's claims without conducting a reasonable investigation.

The Adjuster's conduct was "knowingly" under the Insurance Code.  Therefore, Plaintiff is entitled to treble damages.

### VIII. CONDITIONS PRECEDENT

All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

### IX. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

### X. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants provide the information required in a Request for Disclosure.

### XI. REQUESTS FOR PRODUCTION TO CERTAIN UNDERWRITERS

Produce the complete claim file for Plaintiff's properties relating to or arising out of the loss made the basis of this suit.

Produce the complete underwriting file for Plaintiff's properties which is the subject of this suit.

Produce all emails, notes, and other forms of communication between Defendant, its agents, adjusters, employees, or representatives relating to, mentioning, concerning or evidencing Plaintiff's properties which is the subject of this suit.

Produce the application for insurance and any notes, logs, statements or inspections created or produced during the application process of the Policy at issue in this suit.

## XII. REQUEST FOR PRODUCTION TO JOHN BELICH

Request for Production No. 1.  Produce BELICH' complete claim or adjusting file for Plaintiff's properties relating to or arising out of any damage which occurred.

Request for Production No. 2.   Produce all emails, notes,   and other forms of communication between Certain Underwriters, its agents, Adjusters, employees, or representatives and JOHN BELICH, and/or their agents, Adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's properties which is the subject of this suit.

## XIII. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.      The Court's declaration that the Policy provides coverage for the damage to the Properties, less only a deductible;

B.      Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.     Damages against Defendants for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D.     Damages against Defendants for violations of the Texas Insurance Code, including without limitation economic damages, actual damages, consequential damages, treble damages, and reasonable and necessary attorneys' fees;

E.     Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

F.     Any other relief to which Plaintiff would be justly entitled to.

Respectfully submitted,

MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@gplawfirm.com
JONATHAN C. LISENBY
State Bar No. 24072889
jlisenby@gplawfirm.com
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110

**ATTORNEYS FOR PLAINTIFF**